IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

BOGDAN RENTEA,　　　　　　　§
　　　　　　　　　　　　　　　§
　　　　　Plaintiff,　　　　　　§
　　　　　　　　　　　　　　　§
vs.　　　　　　　　　　　　　　§　　CIVIL ACTION NO.
　　　　　　　　　　　　　　　§　　A11CA 031LY
DEAN JANES,　　　　　　　　　§
　　　　　　　　　　　　　　　§
　　　　　Defendant.　　　　　　§

FILED
2011 JAN 11 AM 9:57
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
　　　　DEPUTY

## ORIGINAL COMPLAINT

NOW COMES Bogdan Rentea ("Plaintiff"), and files this, his Original Complaint against Dean Janes ("Defendant") and would show this Honorable Court as follows:

### I. Nature of Action

1. This is a complaint for damages incurred by the Plaintiff, as a shareholder of a company controlled by Defendant, by the name of Imaging 3 ("the Company"). The Defendant made, or allowed to be made, numerous false or misleading statements over time, on which Plaintiff relied, to his financial detriment.

2. The statements involved the special ability of the Defendant to obtain approval from the FDA for the sale of a medical device which Defendant invented, patented and subsequently assigned to the company.

3. After years of making affirmative statements about his ability, special expertise and almost guaranteeing FDA approval, the FDA denied the application.

4. The Plaintiff purchased shares in reliance on the statements made by the Defendant. The loss of value of the shares is directly attributed to Defendant's actions and inactions.

## II. Jurisdiction and Venue

5. This Court has jurisdiction over the Defendant and the subject matter pursuant to: 28 U.S.C. §1331 and 1337; Section 10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder.

6. Venue is proper in this District pursuant to 28 U.S.C. 1391; the Defendant directed his statements to all shareholders wherever located. Defendant should have anticipated that his statements could be directed to a shareholder in this District. Plaintiff was injured in this District.

## III. Parties

7. Plaintiff, Bogdan Rentea is a resident of the State of Texas and Travis County and has been a shareholder of the Company during all relevant time frames.

8. Defendant, Dean Janes, is a resident of the State of California. He is an officer, director and controlling person of the Company.

## IV. Facts and Allegations

9. During the relevant time period the company's stock was actively traded.

10. The Company regularly communicated with public investors via established market communication mechanisms, including, but not limited to conference calls, press releases and personal appearances by Defendant on Money TV.

11. The Company also filed periodic public reports with the SEC.

12. The Defendant knew or should have known that any and all statements would be relied upon by investors and the public in general, and knew or should have known about the falsity or inaccuracy of his statements.

13. Defendant's actions and inactions caused and maintained an artificially high price for the Company's stock until the day that the FDA rejected the application. Thereafter, the stock plummeted.

14. As a direct result of the FDA denial, the specifics of the which the company refuses to reveal, the stock price fell and caused real economic loss to its investors, including Plaintiff herein.

15. The Defendant, through public filings, touted his personal experience in dealing with FDA applications.

16. Specifically, the Defendant, on the Company's behalf, allowed the filing of Form 10-K statements which contained the following language:

> *"Management believes Mr. Janes' familiarity with the process and experience with 510(k) submissions will help the Company.*
>
> *Because of Mr. Janes' experience and expertise, the Company does not have to seek outside professional consulting services in this process as most companies must, enabling the Company to avoid additional expense and delays. Management believes that having a person in-house having the experience with the process, understanding 510(k) submissions, and direct access to all engineering and proprietary knowledge, is a distinct advantage and should allow the Company to effectively navigate the FDA review process."*

17. The representation was repeated, either verbatum or paraphrased, on numerous occasions, over a period of at least three years until the FDA denied the application on or around October 2010.

18. To date, although repeatedly requested, the denial letter has not been made public by the Company and the basis of denial were trivialized. The truth, upon information and belief, is feared to be different.

### V. Causes of Action

19. All preceding paragraphs are incorporated.

20. The Defendant's statements are actionable under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 as well as SEC Rule 10b-5.

21. The damage sustained by Plaintiff were directly and proximately caused by Defendant's statements, actions and inactions, for which Plaintiff now sues.

## VI. Jury Demand

22. Plaintiff hereby requests a trial by a jury.

## VII. Prayer

WHEREFORE, Plaintiff prays for the following releif:

A. That Defendant be cited to appear and answer.

B. That Plaintiff be awarded compensatory and punitive damages, plus interest.

C. That Plaintiff be awarded his cost.

D. That Plaintiff have any and all relief to which he may show himself justly entitled.

Respectfully Submitted,

RENTEA & ASSOCIATES

BOGDAN RENTEA
Attorney in Charge
State Bar No. 16781000
1002 Rio Grande
Austin, Texas 78701
Tel:   (512) 472-6291
Fax:   (512) 472-6278
**ATTORNEY FOR PLAINTIFF**