JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-07345-RGK (MRWx) | Date | November 15, 2011 |
|---|---|---|---|
| Title | **BOGDAN RENTEA v. DEAN JANES** | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **(IN CHAMBERS) Order Re: Defendant's Motion to Dismiss (DE 6)**

## I.   INTRODUCTION

On January 11, 2011, Bogdan Rentea ("Plaintiff") filed a Complaint in the U.S. District Court for the Western District of Texas against Dean Janes ("Defendant"), an officer and director of medical device manufacturer Imaging3, for violations of (1) Section 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934 ("Exchange Act") and (2) Section 20(a) of the Exchange Act. Plaintiff alleges that Defendant made false or misleading statements regarding Federal Drug Administration ("FDA") approval of an Imaging3 product. As a result of Defendant's statements, Plaintiff allegedly suffered damages in connection with the purchase of Imaging3 stock.

On March 18, 2011, Defendant filed a Motion to Dismiss for failure to state a claim, or in the alternative, a Motion to Dismiss for improper venue and a Motion to Transfer venue. Defendant requested venue be transferred to the U.S. District Court for the Central District of California where Imaging3's headquarters, and much of the evidence and witnesses, are located. District Judge Lee Yeakel granted Defendant's Motion to Transfer venue pursuant to 28 U.S.C. § 1404(a). Judge Yeakel did not rule on Defendant's Motion to Dismiss.

Presently before the Court is Defendant's Motion to Dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6) motion"). For the following reasons, the Court **GRANTS** Defendant's Motion.

## II.   FACTUAL BACKGROUND

Plaintiff purchased stock in Imaging3, a California-based corporation specializing in the development of medical imaging devices.

Defendant is an officer and director of Imaging3. Under the leadership of Defendant, Imaging3 has invented a new mobile device capable of producing real-time 3D images of the human body. Before it can proceed with sales, Imaging3 must first obtain FDA approval of the device.

Imaging3 applied for FDA approval of the 3D imaging device. Prior to its decision, the FDA allegedly sent a letter to Defendant warning that it would likely deny approval of the device. While awaiting the FDA's decision, Defendant allegedly made statements on Money TV and official conference calls about "good news" received from the FDA, which represented a "sign of imminent approval." Plaintiff alleges that these statements contradicted information in the FDA letter regarding the status of Imaging3's FDA application.

Plaintiff alleges that he purchased Imaging3 stock following Defendant's positive outlook for FDA approval of the 3D imaging device. On October 22, 2010, the FDA denied Imaging3's application, allegedly causing a decline in the value of Imaging3's stock value.

Following the FDA's denial, Defendant allegedly assured investors that the denial was due to administrative deficiencies, not substantive issues with the device. However, Plaintiff alleges that the FDA rejection letter revealed that substantive deficiencies with the device, which Defendant repeatedly failed to address, were the true cause of the denial.

## III.   JUDICIAL STANDARD

When reviewing federal claims, a transferee court in the Ninth Circuit is bound only by this Circuit's precedent. *Newton v. Thomason*, 22 F.3d 1455, 1460 (9th Cir. 1994). Accordingly, the Court applies Ninth Circuit law to determine the sufficiency of Plaintiff's pleadings.

A party may move to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. In considering a Rule 12(b)(6) motion, a court must accept as true all factual allegations made in the complaint. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citing *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993)). The court must construe those allegations in the light most favorable to the plaintiff. *In re Daou Sys., Inc.*, 411 F.3d 1006, 1013 (9th Cir. 2005) (quoting *Gompper v. VIXS, Inc.*, 298 F.3d 893, 895 (9th Cir. 2002)). However, the court need not accept conclusory allegations and unwarranted inferences when deciding the motion. *Id.*

To survive a motion to dismiss under Rule 12(b)(6), a pleading must contain sufficient factual matter to "state a claim . . . that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim is facially plausible when there are sufficient factual allegations to draw a "reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, where the facts of a complaint merely infer the possibility of wrongdoing, the pleader is not entitled to relief. *Id.* at 1950.

## IV.   DISCUSSION

### A.   Plaintiff's First Claim for Violations of Section 10(b) and Rule 10b-5

The elements of a Rule 10b-5 claim are (1) a material misrepresentation or omission (falsity); (2) scienter (a wrongful state of mind); (3) a connection with the sale or purchase of a security; (4) transaction causation (reliance); (5) loss causation; and (6) economic loss. *Dura*

*Pharms., Inc. v. Broudo*, 544 U.S. 336, 341-42 (2005)).

Generally, fraud claims must meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b). *Id.* With regard to securities fraud claims, however, the Private Securities Litigation Reform Act of 1995 ("PSLRA") establishes specific, particularized pleading requirements for the elements of falsity and scienter. *Id.* Plaintiff must satisfy the PSLRA pleading standards to overcome Defendant's Motion to Dismiss.

Defendant seeks dismissal of Plaintiff's Section 10(b) and Rule 10b-5 claim on the grounds that Plaintiff fails to properly allege the elements of falsity, scienter, transaction and loss causation, and economic loss. For the following reasons, the Court finds that Plaintiff's Section 10(b) claim fails.

       1.    <u>*Falsity*</u>

Under the PSLRA, a well-pled allegation of falsity must specify (1) each false statement alleged to have been misleading; (2) the reasons why those statements were misleading; and (3) if the allegation is made on information and belief, the particular facts that give rise to the belief. 15 U.S.C. § 78u-4(b)(1)(B); *Daou Sys.*, 411 F.3d at 1014.

As to the first part, Plaintiff fails to identify a single specific statement made by Defendant that could give rise to a Section 10(b) violation. Instead, Plaintiff attempts to satisfy this element with generalized allegations that Defendant intentionally misrepresented the contents of FDA correspondence regarding the status of Imaging3's FDA application. Plaintiff alleges that Defendant characterized an FDA letter as good news and a sign of imminent approval, when the letter actually stated that denial of Imaging3's application was likely. (SAC ¶ 21.) While Plaintiff alleges that Defendant mischaracterized this letter on conference calls and on Money TV, Plaintiff fails to plead any actual statements, let alone the time, place, or context in which the statements were made. (SAC ¶ 21.) Plaintiff lumps together multiple statements over a period of time to reach a general conclusion about their nature without "specify[ing] *each* statement alleged to have been misleading." 15 U.S.C. § 78u-4(b)(1)(B) (emphasis added).

Without specific facts about Defendant's alleged statements, the Court is unable to determine whether any statements were actually false or misleading. In light of the foregoing, the Court finds that Plaintiff does not adequately plead the falsity element of his Section 10(b) claim.

       2.    <u>*Scienter*</u>

The PSLRA requires that a securities fraud complaint state particular facts showing that a defendant acted with the required state of mind, or scienter. *In re Daou Sys., Inc.*, 411 F.3d 1006, 1022 (9th Cir. 2005). Scienter, in this context, is the defendant's intention to deceive, manipulate, or defraud. *Tellabs*, 551 U.S. at 313-14. In the Ninth Circuit, scienter is met when a defendant acts intentionally or with reckless disregard in making material false statements. *Daou Sys.*, 411 F.3d. at 1022. To plead reckless disregard, a plaintiff must allege specific facts indicating a level of reckless disregard that strongly suggests actual intent. *Metzler Inv.*, 540 F.3d at 1066 (quoting *In re Silicon Valley Graphics Inc., Sec. Litig.*, 183 F.3d 970, 979 (9th Cir. 1999)). The scienter analysis focuses on the contemporaneous state of mind of the defendant at the time the false statements were made. *Id.*

In determining the sufficiency of a plaintiff's scienter allegation, the court must examine "whether *all* of the facts alleged, taken collectively, give rise to a strong inference of scienter, not whether any individual allegation, scrutinized in isolation, meets the standard." *Tellabs*, 551 U.S. at 322-23 (emphasis in original). Additionally, the court must also take into account plausible opposing inferences. *Id.* at 323. "A plaintiff . . . must plead facts rendering an inference of scienter *at least as likely as* any plausible opposing inference." *Id.* at 328 (emphasis in original). A *strong inference* of scienter is defined as more than merely plausible or reasonable; it must be cogent and at least as compelling as any opposing inference of non-fraudulent intent. *Id.* at 314.

Plaintiff argues that Defendant's intentional lies about the contents of the FDA correspondence raises a strong inference of scienter. (Pl.'s Opp. ¶ 20.) The Court disagrees.

Plaintiff offers no detailed facts to support his scienter allegation, but rather only vague generalizations about the statements and Defendant's state of mind. To satisfy the scienter requirements of the PSLRA, Plaintiff must "provide all the facts forming the basis for [scienter] . . . in great detail." *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 983 (9th Cir. 1999). Plaintiff's bare bones allegations do not contain enough facts to allow the Court to draw a strong inference that Defendant acted intentionally or with reckless disregard to lie about the truth of the FDA's letters. Therefore, Plaintiff fails to plead a strong inference of scienter as required by the PSLRA.

3.   *A Connection with the Sale or Purchase of a Security*

Plaintiff sufficiently pleads this element by alleging that he purchased Imaging3 stock. (SAC ¶ 21.)

4.   *Transaction Causation*

Transaction causation is established by a plaintiff's reliance on the alleged false statements. *Binder v. Gillespie*, 184 F.3d 1059, 1065 (9th Cir. 1999). To adequately plead transaction causation, a plaintiff must allege that the misstatements in question caused the plaintiff to engage in the stock transaction giving rise to his loss. *In re Daou Sys. Inc.*, 411 F.3d 1006, 1025 (9th Cir. 2005) (citing *The Ambassador Hotel Co. v. Wei-Chuan Inv.*, 189 F.3d 1017, 1026 (9th Cir. 1999)). In other words, a plaintiff must allege that, but for the fraud, the plaintiff would not have engaged in the transaction. *Id.* Transaction causation is defeated where a plaintiff's reliance on a misstatement or omission is unreasonable in light of the facts of the case. *Allstate Life Insurance, Co. v. Robert W. Baird & Co.*, 756 F. Supp. 2d 1113, 1130 (D. Ariz. 2010).

Here, Plaintiff alleges that he purchased stock following Defendant's statement characterizing the FDA letter as good news and as a sign of imminent approval. (SAC ¶ 21.) Plaintiff further alleges that Imaging3's stock doubled in price after this statement and caused him to purchase more Imaging3 stock. (SAC ¶ 21.) As an initial matter, Plaintiff has not established that this statement is a material misrepresentation or omission that could give rise to his reasonable reliance. Second, even assuming Plaintiff established an actionable misrepresentation or omission, Plaintiff's reliance allegation is ambiguous. Plaintiff does not specify whether he purchased Imaging3 stock because of Defendant's statements or because the stock doubled in price. Therefore, Plaintiff does not plead that he relied on Defendant's statements in purchasing Imaging3 stock and cannot satisfy the transaction causation element of a Section 10(b) and Rule 10b-5 claim.

5.      *Loss Causation*

A plaintiff must also properly allege loss causation, a causal connection between the alleged fraud and his or her loss. *See Daou Sys.*, 411 F.3d at 1025. Specifically, a plaintiff must plead a connection between the defendant's material misrepresentation and the plaintiff's loss. *Metzler Inv. GMBH v. Corinthian Colls.* 540 F.3d 1049, 1061-62 (9th Cir. 2008) (quoting *Dura Pharm. Inc., v. Broudo*, 544 U.S. 336, 342 (2005)).

Plaintiff alleges that his Imaging3 stock lost value as a "direct result of the FDA denial." (SAC ¶ 15.) Plaintiff does not allege that the loss was due to revelations about the truth of Defendant's allegedly fraudulent statements or any causal connection between Defendant's alleged statements and the ultimate stock loss. Therefore, the Court finds that Plaintiff fails to adequately plead loss causation.

6.      *Economic Loss*

Plaintiff has alleged that he suffered economic loss because the value of his Imaging3 stock declined after his purchase. (SAC ¶ 15.)

7.      *Conclusion*

The Court finds that Plaintiff fails to adequately plead a Section 10(b) and Rule 10b-5 claim. Therefore, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's claim for violations of Section 10(b) and Rule 10b-5.

**B.      Plaintiff's Second Claim for Violation of Section 20**

Defendant also moves to dismiss Plaintiff's claim under Section 20(a) of the Exchange Act.

Section 20(a) creates joint and several liability for certain individuals deemed to be "control persons" who aid and abet violations of Section 10(b), absent a finding of good faith or lack of inducement. *No. 84 Employer-Teamster Joint Council Pension Trust Fund v. Am. W. Holding Corp.*, 320 F.3d 920, 945 (9th Cir. 2003). The elements of a Section 20(a) claim are: (1) a primary violation[1] of federal securities law and (2) primary control or actual power exercised by the individual over the primary violator. *Id.* (internal quotations omitted).

As the SAC fails to adequately plead a primary violation of Section 10(b), Plaintiff's Section 20(a) claim must also be dismissed.

Defendant's Motion to Dismiss Plaintiff's Section 20(a) claim is **GRANTED**.

---

[1]For purposes of this Section 20(a) claim, a "primary violation" is a violation of Section 10(b).

## V.   <u>CONCLUSION</u>

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss all of Plaintiff's claims.

Plaintiff requests leave to amend to add specific dates and quotes attributed to Defendant's alleged statements. As this would be Plaintiff's third attempt to modify his complaint, and inclusion of these additional facts would not cure the numerous deficiencies discussed above, the Court **DENIES** Plaintiff's request.

**IT IS SO ORDERED.**

_____ : _____

| Initials of Preparer | slw |
| --- | --- |

_____